Good morning, Your Honors. May it please the Court, Lawrence Hildes for Plaintiff's Appellants Gregory Lewis and Leith Yanoski-Call, I apologize, I usually get his name right, both of whom are present in the courtroom this morning. Thank you. The major two issues for appellants are the finding of res judicata below as to Mr. Dorsey and the finding that the district is not liable based on Mr. Dorsey not being the decision-maker, the policy-maker. We think that the decision below was odd, to say the least. There is no case law that requires that you do an administrative appeal and a civil action at the same time on a civil rights issue. Well, the question isn't whether it's required in the sense of Washington law for you to do that, because if it's permitted, I think under Washington law, then you should have done it. Well, the appeal, the statute for appeal to Superior Court was very specific that it was this is the means of appeal. This is how you properly follow the rules, is to appeal from the decision of the school board or the school district to Superior Court, and that's an administrative appeal. You don't combine an administrative appeal with an affirmative civil action. It's different from combining the cases that defendants used, combining a challenge to a will with an action against the administrator, et cetera. Is there something under Washington law that would have precluded your pursuing this First Amendment damages claim? Yes. And where would we look in Washington law to find that? Well, we couldn't have pursued the state, the concurrent state claims. To file an action with state torts, you have to do a tort claim, which requires 60 days. And to appeal the administrative decision, you have to file within 30 days. And it is pretty standard to exhaust your remedies as requirements generally in civil rights law that you exhaust your administrative remedies unless there's an absolute urgency not to do so. But you had, I thought, I mean, just correct me if I'm wrong, you've got your administrative requirement, as you call it, with respect to the administrative appeal, and then you have your 60 day. But didn't you have six months? Wasn't there a six-month period intervening there in which you could have, if it were true that you needed to do a state exhaustion, you'd still have time to file in that proceeding? But there wasn't, we didn't have the resolution yet to sue based on. We needed a finding. Why did you need a finding? I mean, there's two ways to look at it, so maybe you can, one way to look at it is you waited to see what the answer was, then you went to federal court. Another way to look at it is, as you're saying, I wanted to know the answer so I would know what to do. But either way, you still had leeway there to file within the state court, didn't you? Even after you've got the answer, so to speak? It wasn't, that wasn't obvious to me as a matter of law. And there actually, the only case that even says you can bring it concurrently is Judge Kuhnhauer's district opinion, which was not published, and I don't know where the district found it. I could not find it, even after they cited it for a very long time. So there was no notice out there that you even could do this. And the only case that ever cites it is a case out of Arizona that says that, that has nothing to do with the ability to bring the action. It simply says that the Individuals with Disability in Education Act applies to certain circumstances. So there is absolutely no case law out there that says that you can bring the civil action concurrently. I do a lot of employment law where you always have to exhaust your remedies. You go to the EEOC or the State Human Rights Commission, depending on the issue, and you have to do that first. Couldn't you have filed them both the federal action and the state appeal at the same time and asked the federal court to stay its proceedings pending your exhaustion of your administrative remedies? What prevented you from doing that? We believed we needed a ruling out of the court to bring the action. Otherwise, I think it would have been dismissed as premature. Can you explain that? I'm a little befuddled as to why you couldn't even just go straight to federal court. Why did you need the finding, as you put it? What's the legal predicate for that? Because all we had at that point was an internal school district finding. They refer specifically to this RCW that gives the only avenue to be the state appeal to Superior Court. I didn't want to bring the action in Superior. If you bring two actions at the same time, they often will not stay one. I think we were inviting a 12B6, which we would have gotten immediately saying that there was a finding in their favor, and I think we would have lost out of federal court. It's a different situation than the case from Judge Kunauer. That was very specific to disability law, to the IDEA, to the Rehabilitation Act, where that created a situation where you had immediate access to federal court. But you had some pretty good facts. I think we have great facts. But I don't think... The same person saying that you were not in compliance and then upholding his own decision, and then this injunction that said your clients couldn't even come to school board meetings, let alone not reenter the premises, pretty good facts for a 1983. I agree. But we also had a decision finding against us, and given that we had ample time under the statute of limitations, I thought it appropriate to check all the boxes and dot all the I's and cross the T's and do the process that was mandated by the statute. Okay, so you pursued that course and you went to state court and you won. Right. And then we immediately filed a claim and we filed a federal action. Did you recover fees? No. Costs? Nothing. Did you ask for them? No. I had expected that we would do that in a civil action. Do you have your claim that you needed the 30-day tort exhaustion? Is that in your brief? Yes. And what's the argument there? I'm looking at your brief now. It is on page 5. Not in your res judicata argument. It's in our facts. I think it is also in our res judicata argument. I see that you say you filed a tort claim. Is that what you're talking about? Yes. That's all it says. Plaintiffs then filed a tort claim followed by the instant 1983. I am then looking at section 1. I'm sorry. Yeah, where would I look for the statutory site on that? Section 1, pages 15 and 16. And 17. Okay. You're talking about the 2645.010? That's correct, Your Honor. Is that the tort claim? That is the appeal. That's the appeal from the administrative determination. I don't know if I have the... I'm just telling you that you're making this argument now and it's a new argument to me. It's in my summary judgment response, Your Honor. It might be in your summary judgment response, but you don't raise it in your brief. And so it's a new argument. I'm hearing it, but I'm like pecking through everything and trying to find it and I'm not seeing it. That's all. And I'll go back and reread it. But it's not quite on notice when you say plaintiffs then filed a tort claim under 1983. That doesn't quite make the link. So that's why I'm asking that question. But I'll go back and... And I'm reading pages 15 to 17 of Section 1. Yeah, I thought that we had... Let me just get the chronology straight again. And this intersects with some of the earlier questions you've gotten from the panel. You had the 30-day and the 60-day Washington administrative appeal deadlines. And you could run those concurrently, could you not? I thought we... I believed, and I still believe that we had to wait for the appeal to be resolved, to exhaust the remedies. We do the same thing, Your Honor, with police misconduct cases often where there is a police review commission. We will go through the police review commission and that administrative remedy first unless it's completely futile. And I had no reason to believe that this appeal would be futile. And as I said in checking, I could not find a single case that allowed you to bring both at the same time. There's case law on bringing a land use case. There's case law on bringing an injunctive action. And the damage claims at the same time, absolutely. But other than this one district court interlocutory ruling where there was no appellate procedure at all, and that was not a case that was discernible, apparently, unless you had Westlaw or Lexis. I think Westlaw, and I didn't. In looking at the law, when we got ready to file the appeal... You didn't have access to library, Westlaw, and Lexis? I could have. That's true. I could have done it, but I went through the resources that the bar makes available, which are very extensive. And there was no case law requiring you or even inviting you or allowing you to file an administrative appeal and a damage case at the same time. So let me go back then. You said there's not a single case that allowed you to bring both. Did you find anything that would not permit you to bring both? Or is it kind of a wash on both sides? I think it's a wash on both sides. The issue wasn't there. It didn't come up. And I don't think our clients should be penalized for following the rules, for following the procedure that the statute lays out. And if we had filed a civil action and the appeal on the same issues in two different courts, we'd have the same res judicata issue. Whichever one decided first, we would have been in the same position we're in now if that's a live issue because we brought the issues. And then we would have had an argument that we brought the issues in two different cases when we shouldn't have. Do you want to reserve the remaining time? I do, Your Honor. Thank you. May it please the Court and Counsel, Stu Estes for appellees. The res judicata issue I'll address quickly first. But this Court and many others, all others, have upheld res judicata, enforced res judicata in a variety of cases      And then I'm going to address the rest judicata issue. Disputes, actions in equity, mandamus, declaratory judgment actions. There's a case where a constitutional issue was not raised in a misdemeanor, state court misdemeanor prosecution. Do you have any Washington State case law where there's an administrative appeal to the superior court in which there is then a later suit brought, say 1983 or some other cause of action arising out of the same circumstances where in the second suit in Washington State Court the second court says res judicata? It's essential principle that all administrative actions I know, I'm asking do you have a case? If it's an appeal under 28A, I'd know. We have case law that says that counsel referred to the Conongata case that was Judge Kuhnall Judge Kuhnall, yeah, sure. However, we also cited another case, Clark versus Central Kitsap School District where they were combined in the same action. So our position is that there's no barrier there's no barrier to combining an administrative appeal with an action for damages and I know this court has heard over the years the LUPA or the Land Use Petition Act cases that are combined that's a 21 day statute and those are combined with section 1983 cases all the time and there are on occasion district court cases that have held that an adverse decision in the LUPA which had to be filed within three weeks can bar later section 1983 claims. Would you address his argument that it's a different thing to say a contract claim and a constitutional claim but here you had two administrative exhaustion requirements you had a tort requirement and then you had the administrative appeal with the board which was the essence of his main complaint. Yes, Your Honor, neither of those state statutes are an impediment to a section 1983 claim there's no exhaustion under section 1983 nor can I enforce the failure to file a tort claim in a section 1983 claim it's been preempted under the Supremacy Clause so there's no barrier to just going straight to federal court with this claim as soon as Mr. Dorsey issued the letter that's what they could have and should have done He could have filed it in state court also, right? Exactly There's a parallel jurisdiction Let me pick up on you said he should have gone to federal court He said he wants to go to federal court and I'm saying that as soon as Mr. Dorsey issued that letter that they're challenging he could have gone straight to federal court if that's what his position is But what about the point that Mr. Pildes made at the end that if he's got a suit going under 1983 in federal court then he's got his administrative appeal in state superior court if the state superior court decides that case first I think there's going to be res judicata in federal court based on the argument you're making if I agree with that argument So why should he have gone straight to federal court? Why is that going to help him? Because that's what he's saying his choice is he wanted to go to federal court He could have gone to state court too in the Clark versus Central Kitsap Maybe you're not taking my point If he had gone to federal court as you're saying he should have gone and had he taken his administrative appeal to the state superior court and I think he was required to do for that administrative appeal if that administrative appeal had been decided by the superior court His federal suit's gone under res judicata as you would interpret the res judicata rule So I'm not sure your advice that he should have gone to federal court's very good Under the Kanongata case he couldn't and Judge Cunard decided that administrative appeal in that case Oh I see He wanted to go You say he could have gone to federal district court with the administrative appeal The whole shooting match I see what you're saying Okay, I got it So he could have either been in federal court for everything or state court for everything And there's nothing in Washington law that requires that the administrative appeal go to superior court rather than federal district court It would be supplemental jurisdiction That's how I interpret Judge Cunard's decision I got it, okay I got it And so then we have all these other actions and then we have administrative decisions under land use like zoning board decisions employment decisions This is all in the res judicata context and those are cases where as we know land use actions and employment appeals mostly those are 30 day actions that have to be taken quite quickly And the courts in this court have all upheld collateral estoppel and res judicata in those cases where the person appealed the decision whether it was adverse or to their benefit like here and in the Feminist Women's Health Clinic v. Cote Espadi case that case there was an abortion clinic that was sued by the protestors who had started fires and was blocking access to their patients and they sued and federal court obtained an injunction and then came back with a RICO claim which was tried to a jury in a very favorable jury verdict in front of Judge Zille and this court said that was res judicata that action for damages under RICO should have been combined with the injunction claim so there are any number of Yeah, although that one seems like fairly straightforward res judicata I mean you're in federal court on two separate claims it's not an administrative appeal arising out of state law I mean Judge Zille viewed that case as determined for this one but they do seem somewhat different to me Well your honor the issues were the same because it all arose out of the same nucleus of facts different cause of action but this court said that's not dispositive you can label something a different claim but it's all arose out of the same issues and that's why Judge Zille we submitted the transcript of the appeal that they argued below and the brief and Judge Zille found the appeal and another document and went through it all and then under colloquy Mr. Hildes admitted that they are all the same issues and so the first amendment claim was raised he talked about the tendency in there it was all based on the same set of facts and so there's everything could have been raised in the spirit court or it could have been taken directly to federal court and so I think that it might have been that's the only thing he talked about is the 60 day tort claim waiting period which he could have easily amended to add state law claims fees would have been available under section 1983 in state court there's not a fee provision under the appeal statute it's just a quick determination of whatever action is taken by the agency school district specific to school district and so there has been no barrier whatsoever the courts have considered an argument more typically the argument is that this imposes an exhaustion requirement you chose to do it and once you choose to take that action there's a consequence to it so once you choose to sue my client my client has the right to have all those actions decided in initial case so we don't get piece of the case and so so when a district decides to not only seek their removal from the premise but to bar them from attending public defense was that done on the premise of the case and so when a district removal from the premise of the case but of the case but   them from attending public defense  that done on the premise of the case     district decides the case district decides  not only seek their the case district but them from attending from the case district but does not seek their removal from the case district that does not seek their removal from the case district that does not seek their removal from the            district that would be removed from that case district that does not seek their removal from the district that is on page 20. It's the Hanson case and the discussion within the citation of that case is the top half of page 20. So again, there was no reason for our clients it's not clear to me that they could have brought the action separately. We would have run into the same problem. And you can't bring an appeal at least there was no provision in state court for bringing an affirmative action with the appeal. This is a statute that specifically requires the appeal. And all of the cases that  brought to the police site are not administrative appeals except for land use. Land use is its own area of law. But the reproductive rights case is a clearer one. It's an injunctive action and then a separate civil action. Clearly those should have been brought together. There is no case law. Under the scenario that the defense wants, they can make outrageous rulings and there's no way to challenge those rulings without jumping through every hoop at the same time. You should not be penalized for following the rules. And the First Amendment issues, if I may, some person supposedly called a TV station and said, I have an itchy trigger finger. There's no evidence that that happened. There's no evidence of who that person is. But our clients are supposed to be banned not from the building where they supposedly did the occupation, but from every district we're seeing. These are education rights activists and the district is telling them to shut up for a year, that they cannot be heard, that they cannot attend school board meetings, because somebody else may have done something. It goes to the issues in Collins v. Jordan. It goes to Ibarra on group liability, and it's fundamentally unfair. This is a fundamental injustice. Our clients are entitled to have their damages. And by the way, the issues before the court below were not the same issues. Yes, there's a First Amendment claim that's common in banning them from the district. But we didn't ask the superior court, and the superior court was not in a position to rule on the tenancy, was not in a position to rule on the arrest. It was a very narrowly mandated appeal from the district. And by the way, the transcript of the district, of the hearing that Dorsey conducted on behalf of the district, Mr. Boy is sitting next to him as counsel for the district, reminding him that his duty is to the district. It's in the transcript for that hearing, which we attached. And we have the transcript and the other records. I appreciate your argument this morning. The case of Lewis v. English is submitted. Thank both counsel for your argument. Thank you.
judges: Hawkins, McKeown, W. Fletcher